The opinion of the Court was drawn up by
Appleton, C. J.
This is an action of debt for the penalty given by R. S. 1857, c. 24, § 38, for bringing a pauper into the plaintiff town,, contrary to the prohibitions of this section. The penalty is not to exceed one hundred dollars. ■The jury in the present case, assessed the damages sustained by the plaintiffs at one cent. The plaintiffs claimed foil costs, which were denied by the presiding Judge.
By R. S. 1857,-c. 83, § 1, every justice of the peace may "have original, exclusive jurisdiction of all civil actions, including prosecutions for penalties in which his town is interested, where the debt or damages demanded do not exceed twenty dollars,” with certain exceptions not material to the question before us. • Notwithstanding the amount of the penalty may exceed the jurisdiction of a justice of the peacé, still it has long been held that the action might be brought before him, if the damages claimed did not exceed such jurisdiction. Carroll v. Richardson, 9 Mass, 329.
The plaintiffs sought for higher damages than those recoverable before a magistrate. They had the unquestioned right so to do, but they did it at the risk of costs. By R. S. 1857, c. 82, § 97, "in actions commenced in- the Supreme Judicial Court, except those by or against towns for the support of paupers, if it appears on the rendition of judgment that the action should have been commenced before a *337 municipal or police court or a justice of the peace, the plaintiff shall not recover for costs more than the quarter of his debt or damage.” The plaintiffs are not within any of the exceptions made by the statute. The damages we must presume rightly assessed. If so, no reason existed for bringing the suit in this Court, and a very slight one for bringing it in any. Bringing it here, the plaintiffs must submit to such restrictions upon cost as the Legislature have deemed it wise to impose. Whenever there is a claim for unliquidated damages, the party suing must incur the hazard of such liquidation, however the amount recovered may affect the costs consequent upon such recovery. Badlam v. Field, 7 Met., 271. Exceptions overruled.
■ Rice, Cutting, Davis, Kent and Walton, JJ., concurred.